**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-00191-001-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | **(SEALED)** |
| Marc Turi, et al., | |
| Defendants. | |

Defendants Marc Turi and Turi Defense Group have filed a motion to compel discovery. Doc. 55. The motion has been fully briefed, and the Court heard oral argument on October 17, 2014. The Court will grant the motion in part and deny it in part.

Defendants seek discovery under Rule 16(a)(1)(E)(i) of the Federal Rules of Criminal Procedure. That rule provides that the government must grant a defendant access to documents and objects within the government's possession, custody, or control that are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). "To receive discovery under this Rule, the defendant 'must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense.'" *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013) (quoting *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010)). In the words of the government's brief in this case, "the question is whether the

information sought 'makes more or less probable any fact at issue in establishing any defense to the charges.'" Doc. 56 at 10 (quoting *United States v. Yunis*, 867 F.2d 617, 624 (D.C. Cir. 1989)).

Defendants intend to assert a public authority defense in this case. Defendants have filed a notice advising the Court and the government of this defense. Doc. 29. The Ninth Circuit model jury instruction for this defense reads as follows:

> The defendant contends that if he committed the acts charged in the indictment, he did so at the request of a government agent. Government authorization of the defendant's acts legally excuses the crime charged.
>
> The defendant must prove by a preponderance of the evidence that he had a reasonable belief that he was acting as an authorized government agent . . . at the time of the offense charged in the indictment. . . .
>
> If you find that the defendant has proved that he reasonably believed that he was acting as an authorized government agent as provided in this instruction, you must find the defendant not guilty.

Model Ninth Circuit Jury Instruction 6.11.

Defendants have requested nine categories of documents from the government. Doc. 55. The government stated at oral argument that it does not oppose the eighth and ninth categories, and will produce documents within those categories. The Court must therefore decide whether Defendants are entitled to documents covered by the first seven categories.

Category 1 asks the government to produce any documents within the possession, custody, or control of the CIA "containing the names of Marc Turi or Turi Defense Group." Doc. 55 at 4. The purpose of this request, according to Defendants, is to obtain information that will allow them to prove at trial that they worked for the CIA. The Court concludes that Defendants have made a sufficient prima facie showing. It is undisputed that Defendants were registered with the State Department as arms brokers and applied for permission to transfer arms in this case.

As the Court discussed during oral argument, however, the request is too broad. It would include any document that contains the names of either Defendant, even if those documents have nothing to do with any working relationship between Defendants and the CIA. The Court will require the government to produce a narrower class of documents: those within the possession, custody, or control of the CIA that reflect any kind of a working, business, or intelligence relationship between the CIA and Defendant Marc Turi and/or Defendant Turi Defense Group from 2008 to the end of 2011. As noted above, Defendants must persuade the jury that they had a reasonable belief that they were acting as authorized government agents. Evidence that they had a relationship with the CIA would clearly support such an assertion.

Category 2 seeks documents or other evidence relating to instances in which the United States assisted or considered assisting in the covert transportation, provision, acquisition, transfer, or transport of "Defense Articles" to or from any person, entity, group of people, quasi-governmental entity, or government within the territory of Libya from 2010 to the date of the request. Doc. 55 at 5. The Court concludes that Defendants have made a prima facie showing for this request. In addition to their admitted involvement in the arms brokering business, Defendants have provided the Court with citations to articles and reports suggesting that the government was involved in providing arms to the Libyan rebels. *Id*. at 5 n.12.

The Court also concludes that the defense of public authority would be aided by evidence that the CIA was engaged in arranging for weapons to be transferred to the National Transition Council ("NTC") of Libya – the entity which Defendants are accused of attempting to arm. The Court cannot conclude, however, that information relating to any and all arms transfers to any and all entities or groups within Libya would be relevant to establishing Defendants' claim that they were asked to arrange for a transfer of arms to the NTC. Nor would evidence of quite different transfer methods – such as covert air drops of weapons by the U.S. military – be relevant to Defendants' claim that they, as arms brokers, were asked to broker a transfer of arms to the NTC from countries in

Eastern Europe. Thus, Defendants' request is overly broad, and the Court will require the government to produce a narrower category of information: documents which relate to efforts by the United States to arrange for arms brokers to arrange covert transfers of weapons to the NTC in Libya between the beginning of 2010 and the end of 2011. This request focuses on the kinds of transfers Defendants claim to have been conducting on behalf of the government in this case, and focuses more narrowly on the time frame in which Defendants claim to have been so operating.

Categories 3 and 4 seek documents relating to instances in which the United States assisted or considered assisting in covert transportation, provision, acquisition, transfer, or transport of "Defense Articles" to or from any person, entity, group of people, quasi-governmental entity, or government within the territories of Qatar, the United Arab Emeritus ("UAE"), or Syria. Doc. 55 at 6-7. Defendants have not made the prima facie showing required by Rule 16(a)(1)(E)(i) for this request. Although they assert that "[p]ublicly available materials suggest that . . . Syrian rebels were armed, pursuant to a Covert Action Finding signed by the President, with the cooperation of Qatar and the United Arab Emirates," they provide no citation for this assertion. Doc. 55 at 6. They do refer generally back to Category 2, which includes a footnote citing articles and reports, but the footnote makes no mentioned of covert operations in Syria, Qatar, or the UAE, other than a title suggesting that Senator McCain proposed arming the Syrian rebels. It is not incumbent on the Court to scour the cited articles and report in search of facts that might satisfy Defendants' prima facie burden.

In addition, the Court does not find these requests sufficiently relevant to the public authority defense. The government does not contend that Defendants attempted to transfer weapons to end users in Qatar, the UAE, or Syria. Defendants argue that such evidence will show that the government engages in the kinds of covert activities it asked Defendants to undertake, but the Court concludes that the government's activities in entirely separate countries is too far afield to make the information relevant to the public authority defense. The Court will not require the government to produce such documents.

Categories 5 and 6 ask for documents relating to the involvement or contemplated involvement of the United States in any transactions or series of transactions discussed in a specific report produced by the United Nations Security Council, and any documents relating to the government's participation or refusal to participate in the investigation that led to the report. Doc. 55 at 7. Defendants have not made the prima facie showing required by Rule 16(a)(1)(E)(i) for this request. They do not address the report at issue or explain what "transactions or series of transactions" are covered. Nor do they explain why documents relating to those transactions would be relevant to this case. Although Defendants provide an Internet citation to the U.N. report, it is not the Court's burden to review the report and attempt to ferret out transactions that Defendants believe are relevant to this case.

The Court also considers these requests too far afield. The U.N. report appears to concern the covert transfer of arms to Libyan rebels. That issue is covered in the narrowed set of documents the Court will require under Category 2. To the extent Defendants seek documents beyond narrowed Category 2, they have not shown their relevancy. Nor have they shown how the government's cooperation or lack of cooperation with the investigation that led to the U.N. report will produce any information relevant to the public authority defense.

Category 7 asks the government to produce any end user certificates used in transactions from 2008 to the present that received covert government support where, because of a covert action, the end user listed on the certificate was not the end user intended by the government. Doc. 55 at 7. Defendants have not made the prima facie showing required by Rule 16(a)(1)(E)(i) for this broad request. They have provided no facts from which the Court could conclude that the government is in possession of such information. *United States v. Doe*, 705 F.3d at 1150 (defendant must presents "facts which would tend to show" the government possesses information helpful to the defense). In addition, a request that covers more than six years and every country in the world is simply too broad.

1    As the Court discussed with the parties during the hearing on October 17, 2014,
2 this ruling may prompt the need for procedures under the Classified Information
3 Procedures Act ("CIPA"), 18 U.S.C. App. 3.  This Court enters this order pursuant to
4 Rule 16(a)(1)(E)(i); the Court has not decided whether documents deemed discoverable
5 above must be produced in light of CIPA.

6    **IT IS ORDERED** that Defendants' motion to compel (Doc. 55) is **granted in**
7 **part and denied in part** as set forth above.

8 Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 10/3/14.

9    Dated this 22nd day of October, 2014.

_____
David G. Campbell
United States District Judge

cc:  AUSA/Defense counsel