**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Marc Turi, et al.,<br><br>                Defendants. | No. CR-14-00191-001-PHX-DGC<br><br>**ORDER** |

In a previous order, the Court instructed the parties to brief the following question: "Whether the government, in order to invoke the state secrets privilege, needs to obtain an affidavit from the head of the government agency asserting the privilege[.]" Doc. 162. The parties have now submitted their memoranda on this issue. Docs. 166, 167.

The Ninth Circuit has provided direct instruction on this question. In *United States v. Sedaghaty*, 728 F.3d 885 (9th Cir. 2013), the Court of Appeals said this in a CIPA case: "If the material at issue is discoverable, the court must next determine whether the government has made a formal claim of the state secrets privilege, lodged by the head of the department which has actual control over the matter, after actual personal consideration by that officer." *Id.* at 904 (quotation marks and citations omitted).

The Ninth Circuit provided the same guidance in an earlier CIPA case:

> In order to show that material is classified, the government must make a formal claim of the state secrets privilege. This formal claim must "be lodged by the head of the department which has actual control over the matter, after actual personal consideration by that officer."

*United States v. Klimavicius-Viloria,* 144 F.3d 1249, 1261 (9th Cir. 1998) (quoting *Unites States v. Reynolds*, 345 U.S. 1, 7-8 (1953)); *see also United States v. Sarkissian*, 841 F.2d 959, 966 (9th Cir. 1988) (assuming *Reynolds* applies in a CIPA case and requiring "a formal claim of privilege, lodged by the head of the department which has control over the matter after actual personal consideration by that officer") (citation omitted).[1]

The language from these cases is clear. To seek the protection of classified information under CIPA, the government must assert a formal claim of privilege by the head of the government agency that has control over the evidence in question, after personal consultation. The parties have cited no Ninth Circuit authority to the contrary. Although other circuits may be split on this question, these statements from the Ninth Circuit are uniform and clear.[2]

The government argues that although the Ninth Circuit's language suggests that the head of a government department must seek protection of classified information, the Ninth Circuit has, in fact, accepted affidavits from lower-level agency employees for purposes of establishing CIPA protection. Doc. 166 at 4-5. The government asserts that the classified-information submissions accepted by the Ninth Circuit in *Sedaghaty* and

---

[1] The Ninth Circuit has also adhered to this standard when the government asserts the state secrets privilege in a civil case. *See Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1080 (9th Cir. 2010) (en banc) (explaining that certification by an agency head "is fundamental to the government's claim of privilege. . . . The formal claim must reflect the certifying official's *personal* judgment; responsibility for this task may not be delegated to lesser-ranked officials.") (emphasis in original).

[2] The parties note that the Second Circuit requires invocation of the state secrets privilege by an agency head consistent with *Reynolds*. *See United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008). The Fourth and Fifth Circuits have questioned the reasoning of the Second Circuit. *See United States v. Rosen*, 557 F.3d 192, 198 (4th Cir. 2009); *United States v. Al-Mezain*, 664 F.3d 467, 521-22 (5th Cir. 2011). They doubt that *Reynolds* applies in the criminal context and emphasize that CIPA does not require an agency head to invoke the privilege. Notably, neither circuit explicitly resolved the issue of whether an agency head must invoke the privilege. *Rosen*, 557 F.3d at 198 (concluding that "the absence of a statement from the relevant agency heads invoking CIPA protection does not present a barrier to the exercise of our jurisdiction in this appeal"); *Al-Mezain*, 664 F.3d at 522 (concluding "that the failure of a Government agency head to invoke the classified information privilege here does not constitute reversible error").

*Klimavicius-Viloria* were from lower-level agency officials. *Id.* Although the Court does not question the accuracy of the government's representation, the Court concludes that it cannot disregard clear language from controlling Ninth Circuit precedent on the basis of informal information concerning evidence the Ninth Circuit might have accepted in any particular case. The Ninth Circuit's published opinions, not its non-public actions, control the law in this circuit.

As a result, the Court concludes that the government can seek protection under CIPA § 4 in this case only by complying with Ninth Circuit law by making a formal claim of privilege, lodged by the head of the department which has actual control over the discoverable information, after personal consideration by that officer. The Court will afford the government an opportunity to provide a claim in support of its pending CIPA § 4 motion. If the government prefers, it may seek mandamus from the Ninth Circuit directing the Court to accept the declaration of a lower-level agency official. In the absence of such direction from the Court of Appeals, this Court will follow the clear requirements of *Sedaghaty* and *Klimavicius-Viloria*.[3]

**IT IS ORDERED** that the government shall, within 21 days of this order, provide a declaration in support of its CIPA § 4 motion that comports with this order – a formal claim of privilege, lodged by the head of the department which has actual control over the discoverable information, after personal consideration by that officer.

Dated this 16th day of June, 2015.

_____
David G. Campbell
United States District Judge

---

[3] The government also argues that CIPA protection turns on the classified information privilege rather than the state secrets privilege. The Ninth Circuit CIPA cases cited above, however, all speak of the state secrets privilege. *See Sedaghaty*, 728 F.3d at 904; *Klimavicius-Viloria*, 144 F.3d at 1261; *Sarkissian*, 841 F.2d at 966.